USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

GEORGE CAMPBELL,

            Petitioner,

      -v-

UNITED STATES OF AMERICA & WARDEN
BILLINGSLEY, FCI Otisville,

            Respondents.

------------------------------------------------------------- X

12 Civ. 716 (JMF)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

JESSE M. FURMAN, United States District Judge:

    Petitioner George Campbell ("Petitioner") filed a petition, pursuant to Title 28, United States Code, Section 2241, seeking relief from his conviction and sentence in the United States District Court for the Eastern District of New York for various robbery and firearms offenses (the "Petition"). (Dkt. No. 1). Campbell's Petition (1) asserts that his conviction and sentence violated both a treaty of extradition between the United States and Costa Rica and the Ex Post Facto Clause of the United States Constitution and (2) challenges the failure to grant him good-time credit. The case was referred to the Honorable Andrew J. Peck, United States Magistrate Judge. (Dkt. No. 3). On July 5, 2012, Magistrate Judge Peck issued a Report and Recommendation ("Report") recommending that this Court treat the Petition as one brought pursuant to Title 28, United States Code, Section 2255 and transfer it to the United States Court of Appeals for the Second Circuit as a second or successive petition. (Dkt. No. 9).

    As noted in the Report, Campbell was arrested in 1991 for a series of armed robberies in New York and Connecticut. After he escaped from custody, he was re-arrested in 1996 in Costa Rica and eventually extradited to the United States, where he was tried before the Honorable

Raymond J. Dearie, United States District Judge for the Eastern District of New York, and a jury. In March 1999, the jury found Campbell guilty of four counts of armed robbery of banks, in violation of Title 18, United States Code, Section 2113; three counts of armed robbery of post offices, in violation of Title 18, United States Code, Section 2114; one count of conspiracy to commit those offenses, in violation of Title 18, United States Code, Section 371; and seven counts of using and carrying a firearm while committing a crime of violence, in violation of Title 18, United States Code, Section 924(c). *See generally United States v. Campbell*, 300 F.3d 202 (2d Cir. 2002), *cert. denied*, 538 U.S. 1049 (2003).

In July 2000, Judge Dearie sentenced Campbell principally to a total of 155 years' imprisonment. In light of an extradition treaty between the United States and Costa Rica, and a condition imposed by the Costa Rican government in granting extradition of Campbell, however, Judge Dearie ordered the Bureau of Prisons to release Campbell after he completed an imprisonment period of 50 years. Specifically, Judge Dearie ordered as follows:

> [P]ursuant to the extradition agreement between Costa Rica and the United States, and the assurances made by the United States . . . , which mandate[d] that the defendant serve a period of incarceration not greater than 50 years, the Court hereby orders the Bureau of Prison[s] to release the defendant after he serves a period of incarceration of 50[ ]years. Any credit, except prior custody credit, shall only affect the 155-year term and not the 50-year maximum term of incarceration as established by the extradition agreement between the United States and Costa Rica. Therefore, the defendant shall be released after he serves a period of incarceration not greater than 50 years as established by the extradition agreement between the United States and Costa Rica, with no adjustments for good conduct time, or the 155–year sentence, with adjustments for good conduct time, whichever is earlier.

*Id.* at 208 (quoting Judge Dearie's order). On appeal, the Second Circuit upheld this order as "well within the discretion of the district court," but remanded for a correction in the calculation of the sentence. *Id.* at 212. On May 15, 2003, Judge Dearie resentenced Campbell principally to 150 years' imprisonment, stating again that Campbell must serve 50 years with no adjustments for

2

good conduct time.  The Second Circuit affirmed on appeal.  *See United States v. Campbell*, 88 F. App'x 465 (2d Cir.), *cert. denied*, 543 U.S. 969 (2004).

On September 14, 2005, Campbell, proceeding *pro se*, filed a petition pursuant to Title 28, United States Code, Section 2255 challenging his conviction and sentence.  Among other things, Campbell asserted in that original petition that his sentence violated the Ex Post Facto Clause and international law.  On March 31, 2009, Judge Dearie dismissed the petition in its entirety and denied a certificate of appealability.  Notably, in his Memorandum and Order explaining the dismissal, Judge Dearie stated as follows:

> Petitioner's persistence is, literally, remarkable.  He appears to be of the belief that relentless repetition and recycling on his part, coupled with the coming to pass of some eventual fortuity (whether it be reassignment of his case to a different prosecutor or a judge other than the one who presided over his trial, or perhaps the mere passage of time itself), can transform his unequivocally meritless claims into constitutional violations warranting his release.  The vehicle of collateral review of federal convictions was never intended to be so misused.

*Campbell v. United States*, No. 05-CV-4442, 2009 WL 890556, at *1 (E.D.N.Y. Mar. 31, 2009).

Petitioner's persistence continues with the present Petition, in which he largely rehashes arguments about his conviction and sentence that have been rejected repeatedly by Judge Dearie and the Second Circuit.  As noted, Magistrate Judge Peck recommended in his Report that this Court transfer the Petition to the Second Circuit as a second or successive petition.  In particular, Magistrate Judge Peck concluded that the Petition was, in fact, another challenge to the imposition of Campbell's sentence rather than to its execution and, therefore, that Section 2255 was the proper vehicle for seeking relief.  (Report at 4-5 (citing, among other cases, *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004)).  Petitioner timely filed objections to the Report, although the objections were prepared and filed by Petitioner himself rather than by Petitioner's retained counsel.  Moreover, in his objections, Petitioner does little more than assert in conclusory fashion that his challenge is to the execution of his sentence rather than its imposition.

3

(Objections at 1-2). He also purports to assert a claim of "actual innocence," but in actual fact the claim is nothing more than a recast version of his Ex Post Facto claim. That is, Campbell contends that he is "actually innocent of [the 50-year] sentence" and that his "sentence should reflect the maximum sentence of 25 years" allegedly in effect prior to 1994. (Objections at 2-3).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Court would be on firm ground disregarding Petitioner's objections altogether because he is represented by counsel and counsel did not submit, or adopt, the objections himself. *See, e.g.*, *Bell v. Napoli*, No. 08 Civ. 9900 (PGG) (MHD), 2010 WL 8039333, at *25 (S.D.N.Y. Aug. 24, 2010) ("[A] defendant cannot exercise his right to appear *pro se* and his right to appointed counsel simultaneously. If a defendant is represented by counsel, the court is not obliged to consider claims that he raises on his own behalf without the consent of his attorney.") (citing *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977)). Further, the objections are, as noted, largely conclusory or merely reiterate Petitioner's original arguments. Nevertheless, even reviewing Magistrate Judge Peck's Report *de novo* — which this Court has done — there is no basis to grant Petitioner the relief he is seeking in this case because, for the reasons explained

4

by Magistrate Judge Peck, Campbell's claims are plainly a challenge to the imposition of his sentence by Judge Dearie, not to the execution of his sentence. Further, although a prisoner may file a petition pursuant to Section 2241 if Section 2255 is inadequate or ineffective to challenge his detention, Campbell has made no such assertion in this case. He does assert a claim of "actual innocence," but, as noted above, it is merely a version of his Ex Post Facto claim by another name. Moreover, as Magistrate Judge Peck explained, the mere assertion of "actual innocence" is not enough to evade the procedural requirements of Section 2255.

For these reasons, it is hereby ORDERED that Magistrate Judge Peck's Report dated July 5, 2012, is ADOPTED in its entirety. Accordingly, Petitioner's Section 2241 Petition is treated as a petition pursuant to Section 2255 and the Clerk of Court is directed to transfer it to the Second Circuit for consideration as a second or successive petition and to close this case.

It is somewhat unclear whether a certificate of appealability would be required for Campbell to appeal from this order. *Compare, e.g.*, *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003) (reaffirming that the requirement for a certificate of appealability "does not apply to federal habeas proceedings, such as the instant one, brought pursuant to 28 U.S.C. § 2241"), *with Cespedes v. United States*, No. 01-CV-2249 (ILG), 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit had granted a certificate of appealability in connection with the petitioner's appeal from a prior order treating his Section 2241 petition as a Section 2255 petition). To the extent the requirement does apply, Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that

any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2012
        New York, New York

_____
JESSE M. FURMAN
United States District Judge